## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IRMA FUENTES REYES
c/o 519 H Street NW
Washington, DC 20001

       Plaintiff,

v.

BALLPARK, INC.
d/b/a AMERICA'S BEST WINGS
2863 Alabama Avenue SE
Washington, DC 20020

MOHAMMED R. KARIM
8208 Westchester Drive
Vienna, VA 22182

MOSTOFA MOHAMMAD
1375 Blairstone Drive
Vienna, VA 22182

       Defendants.

Civil Action No. _____

## COMPLAINT

1.     While Plaintiff worked at Defendants' restaurant, Defendants failed to pay Plaintiff the applicable D.C. minimum wage. Defendants also denied Plaintiff overtime wages by paying her the same hourly rate across all hours worked, including overtime hours. Finally, Defendants completely ignored their obligation to provide Plaintiff with paid safe and sick leave.

2.      Plaintiff brings this action against Ballpark, Inc., Mohammed R. Karim, and Mostofa Mo-hammad ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, and to provide safe and sick leave, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collec-tion Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-531.01 *et seq.*

## Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5.      Plaintiff Irma Fuentes Reyes is an adult resident of Prince George's County, Maryland.

6.      Defendant Ballpark, Inc. is a District of Columbia corporation. It does business as Amer-ica's Best Wings. Its principal place of business is located at 2863 Alabama Avenue SE, Wash-ington, DC 20020. Its registered agent for service of process is Mohammed Karim, 3746 10th Street NE, Washington, DC 20017.

7.      Defendant Mohammed R. Karim is an adult resident of Virginia. He resides at 8208 Westchester Drive, Vienna, VA 22182. He is an owner and officer of Defendant Ballpark, Inc. He exercises control over the operations of Ballpark, Inc. — including its pay practices.

8.      Defendant Mostofa Mohammad is an adult resident of Virginia. He resides at 1375 Blair-stone Drive, Vienna, VA 22182. He is an owner and officer of Defendant Ballpark, Inc. He exercises control over the operations of Ballpark, Inc. — including its pay practices.

## Factual Allegations

9.      Defendants own and operate the restaurant America's Best Wings, located at 2863 Alabama Avenue SE, Washington, DC 20020.

10.     Plaintiff worked at America's Best Wings from approximately July 2017 through approximately May 19, 2019.

11.     Plaintiff worked at America's Best Wings as a kitchen laborer and cashier.

12.     Plaintiff's job duties at America's Best Wings primarily consisted of preparing and cooking food, cleaning the bathroom and kitchen areas, and working the cash register.

13.     Plaintiff typically and customarily worked six days per week.

14.     Plaintiff typically and customarily worked between fifty-seven and sixty hours per week.

15.     At all relevant times, Defendants paid Plaintiff by the hour.

16.     Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Sep. 01, 2017–Aug. 31, 2018 | $9.00 |
| Sep. 01, 2018–May 19, 2019 | $10.00 |

17.     At all relevant times, Defendants paid Plaintiff in cash.

18.     At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

19.     At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

20.     At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

21.     In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable D.C. minimum wage.

22.     The District of Columbia required that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, and $13.25 per hour from July 1, 2018 through June 30, 2019. D.C. Code § 32-1003(a).

23.     D.C. law also requires employers to pay non-exempt employees an additional $0.10 per hour, for an additional maximum of $6.00 per week, if the employer required the employee to maintain a uniform. *See* 7 DCMR § 908.1.

24.     Defendants required Plaintiff to maintain a work uniform. As a result, Defendants were required to pay her an additional $0.10 per hour.

25.     For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe her approximately $29,623.00 in minimum and overtime wages (excluding liquidated damages).

26.     Finally, Defendants never provided Plaintiff with paid leave as required by the ASSLA. D.C. Code § 32-531.02.

27.     Defendants should have provided Plaintiff with a total of 6.0 days of paid leave: 1.5 days of paid leave in 2017, 3.0 days of paid leave in 2018, and 1.5 days of paid leave in 2019.

28.     Defendants owe Plaintiff $3,000.00 — $500.00 of statutory damages for each accrued day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

29.     Defendant Mohammed R. Karim hired Plaintiff.

30.     Defendant Mohammed R. Karim set Plaintiff's schedule.

31.     Defendant Mohammed R. Karim set Plaintiff's rate and manner of pay.

32.     Defendant Mohammed R. Karim handed Plaintiff her pay.

33.     Defendant Mohammed R. Karim fired Plaintiff.

34.     Defendant Mostofa Mohammad participated in the decision to set the restaurant's hours of operations.

35.     Defendant Mostofa Mohammad participated in the decision to pay Plaintiff cash.

36.     Defendant Mostofa Mohammad participated in the decision to set Plaintiff's hourly rate.

37.     Defendant Mostofa Mohammad authorized Defendant Mohammed Karim to hire Plaintiff.

38.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

39.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

40.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

41.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

42.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times her regular hourly rate for all hours worked in excess of forty hours in any one workweek.

43.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

44.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to her.

45.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

46.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

47.     At all relevant times, Defendants had employees who handled food products, such as chicken, that had been raised and slaughtered outside of the District of Columbia.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

48.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

49.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

50.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

51.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

52.     Defendants' violations of the FLSA were willful.

53.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

54.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

55.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

56.     The DCMWA required that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, and $13.25 per hour from July 1, 2018 through June 30, 2019. D.C. Code § 32-1003(a).

57.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

58.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

59.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one work-week.

60.     Defendants' violations of the DCMWA were willful.

61.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

62.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

63.     Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

64.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

65.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

66.     For purposes of the DCWPCL, "wages" include, among other things, minimum and over-time wages. D.C Code § 32-1301(3).

67.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

68.     Defendants' violations of the DCWPCL were willful.

69.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## COUNT IV
## FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

70.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

71.     Each defendant was an "employer" of Plaintiff within the meaning of the ASSLA. D.C. Code § 32-531.01.

72.     The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-531.02(a).

73.     Defendants violated the ASSLA by not providing Plaintiff with the required paid leave.

74.     For Defendants' violations of the ASSLA, Defendants owe Plaintiff $500.00 of statutory damages for each accrued day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

75.     For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, "additional damages," Plaintiff's reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. D.C. Code § 32-531.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$125,284.40**, and grant the following relief:

a.      Award Plaintiff $118,492.00, consisting of the following overlapping elements:

    i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.     unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii.    unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff $3,000.00 in statutory damages: $500.00 for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-531.12(b);

c.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

d.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $3,392.40);

e.      Award Plaintiff court costs (currently, $400.00); and

f.      Award any additional relief the Court deems just.


Date: September 10, 2020                              Respectfully submitted,

                                                     /s/ Justin Zelikovitz
                                                     JUSTIN ZELIKOVITZ, #986001
                                                     DCWAGELAW
                                                     519 H Street NW
                                                     Washington, DC 20001
                                                     Phone: (202) 803-6083
                                                     Fax: (202) 683-6102
                                                     justin@dcwagelaw.com

                                                     *Counsel for Plaintiff*